


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3053
Re: Persons drafted into
military service of the
United States - liability
to poll tax - right of
such persons to vote.

Your letter of January 17, 1941, asks the opinion
of this department upon the questions stated as follows:

1. Is a person now drafted into the active
military service of the United States subject to the payment
of a poll tax in this State?

2. If such person is subject to the payment of
a poll tax, would he be authorized to vote in any election
held in this State during his time of service?

3. Would the same rule apply to officers and
enlisted men of the active militia of the State?

Article 2959, R. S., 1925, provides:

"A poll tax shall be collected from every
person between the ages of 21 and 60 years who
resided in this State on the first day of
January preceding its levy, Indians not taxed,
persons insane, blind, deaf or dumb, and those
who have lost a hand or foot, or permanently
disabled, excepted. It shall be paid at any
time between the first day of October and the
first day of February following; and the person
when he pays it, shall be entitled to his poll
tax receipt, even if his other taxes are un-
paid."

Honorable George H. Sheppard, page 2

Article 7046, R. S., 1925, provides as follows:

"There shall be levied and collected from every person between the ages of 21 and 60 years, resident within this State on the first day of January of each year (Indians not taxed, and persons insane, blind, deaf or dumb, or those who have lost one hand or foot, or are permanently disabled, excepted), an annual poll tax of one dollar and fifty cents, one dollar for the benefit of the free schools, and fifty cents for general revenue purposes. Said tax shall be collected and accounted for by the tax collector each year and appropriated as herein required. No county shall levy more than twenty-five cents poll tax for county purposes. The poll tax due from citizens of unorganized counties shall be paid in the county to which the unorganized county is attached for judicial purposes."

The poll tax is a head tax levied and collected for revenue purposes. Liability to pay the tax does not depend, under the terms of the statute, upon the question whether the particular person against whom it is levied is a qualified voter in this State. The only exemptions from the payment of the tax are those specifically mentioned in Article 7046, to-wit, Indians not taxed, persons insane, blind, deaf or dumb, persons who have lost one hand or foot, and persons who are permanently disabled, and the limited exemption conferred by Articles 5840-5844, inclusive, R. S. 1925, which exemption will be hereinafter discussed. There is no exemption conferred by law upon those citizens of this State who may be engaged in the active military service of the United States, except such as may be conferred by Articles 5840-5844, inclusive.

Articles 5840-5844, inclusive, read as follows:

"Art. 5840. Tax exemptions

"All officers and enlisted men of the active militia of this State, who comply with

Honorable George E. Sheppard, page 3

their military duties as prescribed by this chapter, shall be entitled to exemption from the payment of all poll taxes, except the poll tax prescribed by the Constitution for the support of the public schools; exemption from the payment of any road or street tax, and from any road duty whatsoever under the laws of this State, and exemption from jury service or duty of every character and description.

"Art. 5841. Poll tax exemptions

"To entitle any troop, battery, company, signal corps, or band of the active militia of this State to the exemption from the payment of poll taxes as specified in the preceding article, the commanding officer of such organization shall, between the first days of January and April of each year, file with the assessor of taxes for his county a list of all members of his command who have discharged the military duties required of them for the preceding year, and who have been present for at least twenty-four drills or parades, or have been excused for non-attendance thereof by reason of illness or other necessary cause; such list shall be certified to by such commanding officer, and the persons whose names appear on such list, shall not be assessed for any poll taxes whatever, other than the poll tax of one dollar prescribed by the Constitution for the support of public shhools for the current year; and each assessor with whom such lists are filed shall note the exemptions on his assessment roll as set forth in such lists, and furnish such information to all concerned, as may be necessary in carrying out the provisions of this article.

"Art. 5842. Road and jury exemptions

"To entitle any troop, battery, company, signal corps or band of the active militia of

Honorable George H. Sheppard, page 4

this State to exemption from the payment
of road or street taxes, jury service or
duty, and road duty as specified in Arti-
cle 5840 of this chapter, the commanding
officer of such organization shall, be-
tween the first and thirty-first days of
January of each year, file lists similar
to that set forth in the preceding arti-
cle, certified to him, one copy with clerk
of the district court of his county and
one copy with the clerk of the county
court of his county; and the names appear-
ing on such lists shall thereafter be
exempt from jury service or duty of every
character and description, from the per-
formance of any road duty, and from the
payment of any road or street tax in such
county for the current year.    County
clerks shall furnish information of those
so exempt to the proper road overseers and
to all others concerned.

"Art. 5843.    Staff officers exempt

"To entitle any general, field or staff
officer of the active militia of this State to
said exemptions as set forth in this chapter,
such officer shall between the first days of
January and April of each year, file with the
assessor of taxes for his county his certificate
to the effect that he is an officer of the active
militia of this State in good standing, and that
he has faithfully discharged all of the military
duties required of him during the preceding year,
and, on filing the certificate as herein required,
such officer shall not be assessed for any poll
tax whatever other than the poll tax of one dol-
lar prescribed by the Constitution for the sup-
port of public schools for the current year; and
such officer shall file similar certificates be-
tween the first and thirty-first days of January
of each year, with the district and county clerks
of his county, and on filing such certificates,
shall thereafter be exempt from jury service or
duty of every character and description, from

Honorable George H. Sheppard, page 5

the performance of any road duty and from the
payment of any road or street tax in such
county for the current year.

"Art. 5844. Non-commissioned officers
exempt

"To entitle any non-commissioned staff
officer, member of the engineer or hospital
corps, or any other enlisted man of the active
militia of this State not belonging to the
regular organization, to the exemptions as
set forth in the fourth preceding article,
such non-commissioned officer or soldier shall
prepare and file affidavits similar to the
certificate provided in the preceding arti-
cle for officers, with the assessor, dis-
trict and county clerks of his county; such
affidavits shall be filed during the same
period and in the same manner as set forth
above for officers.  On filing such affi-
davits, such non-commissioned officer or
soldier shall be entitled to the same
exemptions in the same manner as provided
for such officers."

The "active militia of this State," referred to in
Articles 5840-5844, consist of the "organized and uniformed
military forces of this State."   Article 5766, R. S. 1925.

Officers and enlisted men of the active militia
of this State are entitled to the exemption conferred by
Article 5840, provided the right to the exemption is estab-
lished in the manner provided by the succeeding articles.
In this connection it should be noted that the certificate
of the commanding officer required has reference to the
military duties discharged during the calendar year pre-
ceding the January 1st on which the tax is assessed for
the "current year."   In other words, discharge of mili-
tary duties during the calendar year 1940 serves as the
basis for an exemption from the poll tax assessed as of
January 1, 1941, not as a basis for an exemption from that
poll tax assessed as of January 1, 1940.  This is made clear

Honorable George H. Sheppard, page 6

by that portion of Article 5841 which states that such persons "shall not be assessed for any poll taxes whatever, other than the poll tax of one dollar prescribed by the Constitution for the support of the public schools for the current year; . . . " when read in connection with that portion requiring the certificate by the commanding officer to be furnished between January 1, and April of the current year, to certify as to military duties discharged during the "preceding year."

Since the induction of members of the active militia of this State into the active military service of the United States by order of the President under authority conferred by the Congress did not occur until during the year 1940, it is manifest that such active military service under the United States is not material upon the question of the right of such members of the active militia of this State to be exempt from the payment of poll taxes levied as of January 1, 1940.

With regard to liability for the payment of poll taxes levied as of January 1, 1941, it is clear that a person who at the time of his induction into the active military service of the United States under the Selective Service Act was not an officer or enlisted man in the "active militia of this State" cannot urge his service in the armed forces of the United States as the basis for an exemption from the payment of a poll tax under the provisions of Articles 5840-5844. Statutes conferring exemption from taxation, being in derogation of common rights, are strictly construed. The exemption in the articles referred to is only to "officers and enlisted men of the active militia of the State" - officers and enlisted men of the "organized and uniformed military forces of this State." The organized and uniformed military forces of the United States, authorized by the Selective Service Act of Congress, are not "organized and uniformed military forces of this State."

You will, of course, recall the holding announced by the Supreme Court of Texas in the Carpenter case, that an officer in the Texas National Guard (the active militia) retains his status as such, so far as Texas is concerned,

Honorable George H. Sheppard, page 7

after he is inducted into the active military service of the United States and appointed an officer in that service, and may therefore continue to hold and exercise a State civil office. As you know, petition for writ of certiorari to the Suprme Court of the United States is pending in this case. Unless that decision should be reversed by the Supreme Court of the United States, it will be determinative of the questions concerning the right of members of the active militia (the National Guard) of this State inducted into the active military service of the United States to claim the exemption provided by Arts. 5840-5844 and to vote in this State. Under the Carpenter decision, since members of the active militia (the National Guard) of this State retain their status as such after induction into the active military service of the United States, they will be entitled to claim the exemption extended by Arts. 5840-5844.

With regard to the right of persons in the active military service of the United States by virtue of having been drafted under the provisions of the Selective Service Act, to vote in this State during the period of their active service under the United States, your attention is directed to Article 6, Section 1, of the Constitution, which reads as follows:

"The following classes of persons shall not be allowed to vote in this State, to-wit:

"First: Persons under twenty-one (21) years of age.

"Second: Idiots and lunatics.

"Third: All paupers supported by any county.

"Fourth: All persons convicted of any felony, subject to such exceptions as the Legislature may make.

"Fifth: All soldiers, marines and seamen, employed in the service of the Army or Navy of the United States. Provided that this restriction shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Re-

Honorable George H. Sheppard, page 8

serves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy and Marine Corps."

Under the decision of the Supreme Court in the Carpenter case, officers and enlisted men of the Texas National Guard retain their status as such, "so far as Texas is concerned," after their induction into the active military service of the United States and during the period of their service therein. Thus, though it cannot be disputed that these National Guard officers and enlisted men are "soldiers employed in the service of the Army of the United States " while in the active military service of the United States, Texas classifies them, so far as the right to vote and hold office in this State is concerned, according to the status which they occupied at the time of induction, rather than according to the status acquired by induction into the service of the United States. It follows that, if the decision of the Supreme Court should stand, officers and enlisted men of the active militia (National Guard) of the State, inducted into the active military service of the United States may vote in Texas during the period of such service.

Persons in the active military service of the United States under the Selective Service Act are clearly "soldiers employed in the service of the Army of the United States." The operation of the Selective Service Act does not confer upon them the status of the exempted classes mentioned in the proviso to Article 6, Section 1, above quoted. And the doctrine of the Carpenter decision by the Supreme Court of Texas, that a person occupying the status of a member of one of the exempted classes mentioned retains that status upon induction into the active military service of the United States under order of the President pursuant to authority conferred by Congress, cannot apply, for such persons could not retain in the active military service of the United States a status which was non-existent at the time of induction into that service.

As our Constitution is construed by the Supreme Court of Texas in the Carpenter case, the people of Texas have conferred the right to vote in this State upon persons inducted into the active military service of the United State from the Texas National Guard (the active militia). The right to vote in this State is denied, however, to the person in the active military service of the United States who was not at the time

Honorable George H. Sheppard, page 9

of his entry into such service an officer of the National Guard of Texas, the National Guard Reserve, or the Officers Reserve Corps of the United States, or an enlisted man in the National Guard of Texas, the National Guard Reserve, or the Organized Reserves of the United States, or a retired officer, retired warrant officer, or retired enlisted man of the Army, Navy, or Marine Corps.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       *RW Fairchild*

R. W. Fairchild
Assistant

RWF:EP

APPROVED FEB 18, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN